UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM SHECOBY PALMER,  )  <br>  )  <br> Plaintiff,  ) <br>  ) CASE NO. 2:19-CV-0252 <br> v.  ) <br>  ) <br> LAKE COUNTY TREASURER and  ) <br> LAKE COUNTY AUDITOR,  ) <br> Defendants.  ) | |

### BRIEF IN SUPPORT OF DEFENDANTS' FRCP 12 (B)(1) MOTION TO DISMISS

Come now Defendants, LAKE COUNTY AUDITOR and LAKE COUNTY TREASURER, by counsel, Randy H. Wyllie and Ronald Ostojic, respectively, and for their Brief in Support of their Motion to Dismiss state as follows:

In his pro se Complaint, the Plaintiff, WILLIAM SHECOBY PALMER (hereinafter, "tax deed objector") has attempted to litigate state law issues concerning real estate property taxes and state court tax collection procedures, specifically, an annual Lake County, Indiana Tax sale of real estate for failure to pay taxes in this federal district court.  However, in this situation, the Plaintiff tax deed objector has never held an ownership interest in the subject real estate located at 390 Lincoln Street, Gary, Indiana.  The parcel is the subject of a tax deed petition that was previously granted by the Lake County, Indiana Circuit Court in a case styled *Harolyn Williams v. Lake County Auditor* Cause No. 45C01-1908-TP-1227 (hereinafter, "state court tax deed action").  Said tax deed litigation is now set for hearing in the state court on March 12, 2020 on the tax sale objector's objection and effort to set aside the previously approved tax deed. The Plaintiff at bar has appeared pro se in said state court tax deed action.  As a result of never having been the owner of the subject parcel at issue, the tax deed objector has no standing to sue

1

in this federal district court regarding a third party owner's loss of the real estate at tax sale to the tax sale buyer. Even if the Plaintiff at bar were the owner of record of the subject real estate that lost the parcel at tax sale, Indiana law requires litigants in state real property tax disputes to follow an administrative review process under the exclusive jurisdiction of the Indiana Tax Court. In other words, the Plaintiff has no standing to sue as he has suffered no injury, he may not sue on behalf of a third party and there is no federal question at issue in this case as required by 28 U.S.C. § 1331 as all of Plaintiff's allegations involve state court property tax issues.

## FACTS

Plaintiff/tax deed objector alleges that he lost a parcel located at 390 Lincoln Street, Gary, Indiana at the March 2019 Lake County, Indiana tax sale. (See Delinquent Tax Sale Record, attached as **Exhibit "A"**). However, in fact, the tax deed objector has never had any ownership rights in the subject parcel. (See Real Property Maintenance Report, attached as **Exhibit "B"**). The owner of the parcel was Richard L. Williams. The tax sale buyer filed the required Petition for Tax Deed and obtained a court order for the issuance of the tax deed. (See Petition for Deed and Order for Issuance of Deed, attached as **Exhibits "C"** and **"D"**). The parcel was lost at tax sale to the tax sale buyer, Harolyn Williams, and a tax deed to the parcel was issued by the Lake County Auditor and recorded in December 2019. (See tax deed, attached as **Exhibit "E"**). The tax sale objector has filed an objection to the previously issued tax deed which is now pending in the Lake County, Indiana Circuit Court in the tax deed litigation styled *Harolyn Williams v. Lake County Auditor, et al.* Cause No. 45C01-1908-TP-1227. Such state court tax deed action is presently set for hearing on March 12, 2020 in the Lake Circuit Court on tax deed objector's objection to the previously issued tax deed. The tax deed objector has entered his pro se appearance in said state court action and has appeared at all court hearings

regarding his late objection.

In the case at bar, the Complaint provides that the tax deed objector believes that "*John Petalas action was in rem, and sold my rights to property without a court order or without proof of a offer, and a acceptance on my part.*" (Emphasis added). (Complaint, p. 4-Statement of Claim). As relief, the tax deed objector "would like to have this case adjudicated on the fact that there was no hearing which cause this action to occurred in violation of ones privacy liebel ,and slander being put in the position of a false light which have constituted a lot of emotional pain, and im seeking $500,000 in damages to fairness" (Emphasis added). (Complaint p. 5- Relief). The remaining filings by the Plaintiff tax deed objector are difficult to decipher and lack any cogent thoughts or argument making it impossible to respond separately to each.

## ARGUMENT

### A. The Plaintiff/Tax Deed Objector has no Standing to Sue in this cause of action.

To establish standing to sue consistent with the Constitution, a plaintiff must show: 1) injury-in-fact, 2) causation, and 3) redressability. In addition, the injury-in-fact must be "concrete and particularized." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560. Further, it is well established that a party generally must assert his own legal rights and interests and not those of third parties. Kowalski v. Tesmer, 543 U.S. 125, 129 pp. 1-6.

In the case at bar, the Plaintiff/tax deed objector lacks standing to pursue relief from this court based upon his never having held an ownership interest in the subject real estate located at 390 Lincoln Street, Gary, Indiana. The real estate was the subject of a state court tax deed action, in the Lake County, Indiana Circuit Court. The tax deed was previously issued to the tax sale buyer and recorded in December 2019. The owner that was divested as title owner of the

parcel was Richard L. Williams, not the tax sale objector at bar. Accordingly, the tax sale objector did not suffer any "injury-in-fact" as a result of the tax deed being granted by the state court and recorded by the Lake County Auditor.

The pro se tax deed objector has appeared in that state court litigation in an effort to vacate the previously issued tax deed. However, again, it is well established that the tax deed objector must assert his own legal rights and not those of a third party. In this situation, the tax deed objector is essentially making arguments to redress an injury-in-fact suffered by the third party owner who lost the subject real estate to the tax sale buyer. Clearly, this does not confer standing to sue upon the tax sale objector at bar. Finally, the tax deed objector's arguments will be weighed by the state court in the tax deed litigation thus preserving his own due process rights, if any.

### B. Even if the Plaintiff Tax Deed Objector had proper Standing to Sue, the Jurisdiction over the Tax Deed Objector's Complaint Lies Solely in the State of Indiana Tax Court

Because subject matter jurisdiction is the power of a court to hear cases, this type of jurisdiction may not be waived or conferred by agreement. *Cardinal Ritter High School v. Bullock*, 17 N.E.3d 281 (Ind. Ct. App. 2014). The Indiana Legislature, in an effort to channel tax disputes to a specialized tribunal, created the Indiana Tax Court. *Marion County Auditor v. Revivial Temple Apostolic Church*, 898 N.E.2d 437 (Ind. App. 2008). The Tax Court was established for the purpose of consolidating tax-related litigation before a single court of expertise. *Id.* at 445. The Tax Court acquires exclusive subject matter jurisdiction if: 1) the case must arise under the tax laws of Indiana and 2) there is a "final determination" made by a relevant agency." Id. Initially, a case "arises under" the tax laws if: (1) "an Indiana tax statute

creates the right of action," or (2) "the case principally involves collection of a tax or defenses to that collection." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996). *Hutcherson v. Ward*, 2 N.E.3d 138, 141 (Ind. Tax 2013).

Furthermore, tax deed objector has failed to satisfy a necessary prerequisite before filing his lawsuit. A party seeking judicial relief from an agency action must first establish that all administrative remedies have been exhausted. *Marion County Auditor v. Revivial* at 445. A party cannot circumvent the "final determination" requirement basis for the Indiana Tax Court's exclusive jurisdiction simply by filing an action in the trial court instead of with the relevant administrative agency. *Id*. That is exactly what the tax deed objector in this case has tried to accomplish by filing his Complaint directly with this district court, while the state court tax deed petition action remains pending.

Every year in the Spring, real property owners in Indiana receive a Form 11 Notice of Assessment from their local county Assessor outlining the assessed value ("AV") of their real estate. If an owner does not agree with the Assessor's AV, the owner has forty-five (45) days to appeal to the local Property Tax Assessment Board of Appeals ("PTABOA"). *Ind. Code § 6-1.1-15-1.1*. The owner can appeal an adverse PTABOA decision within forty-five (45) days to the Indiana Board of Tax Review ("IBOTR"). *Ind. Code § 6-1.1-15-3*. An IBOTR decision can be appealed to the Indiana Tax Court, which holds ***exclusive jurisdiction*** over matters that "arise under the tax laws" of Indiana. *Ind. Code § 6-1.1-15-5*.

Tax rates for each city, town and unincorporated area in Indiana are set by the Department of Local Government Finance ("DLGF"). After the tax rate is set by the DLGF, each county auditor then calculates the taxes due and owing for each parcel using its AV and the specific tax rate. Each county treasurer then issues a tax bill in April of each year that is due in

two (2) equal installments due on May 10th and November 10th. Property taxes are due the year after they accrue, such that taxes that accrue in 2017 are payable in 2018, taxes that accrue in 2018 are payable in 2019, etc. If owners fail to pay real property taxes, counties can sell the tax liens on the parcels at annual Tax Sales such that a tax sale buyer can acquire a tax deed to the parcel and thus become the new owner of the parcel. *Ind. Code § 6-1.1-24-1 et seq.*

A parcel owner who wishes to contest an alleged improper assessed valuation ("AV") or or its resulting tax bill has the mandatory obligation to first exhaust his or her administrative remedies, including appeals to the PTABOA and the IBOTR. Only thereafter can an owner seek review by the Indiana Tax Court as outlined above regarding such property tax issues.

In *State ex rel. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1243 (Ind. 2005), the Indiana Supreme Court considered the constitutionality of Indiana Code § 6-1.1-4-32, which concerned property reassessment in Lake County. The Attorney General contended that the Tax Court had exclusive jurisdiction because the case involved the interpretation of a statute whose primary purpose involved the collection of taxes. The Supreme Court of Indiana agreed, dismissing the trial court case for lack of jurisdiction. The tax deed objector's Complaint in this case also involves Lake County's attempts at tax collection and specifically his apparent displeasure with the annual tax sale process. Accordingly, because such property tax collection issues are the exclusive jurisdiction of the Indiana Tax Court in regards to aggrieved property owners, this trial court should properly find that it lacks subject matter jurisdiction to hear the tax deed objector/non-owner's Complaint.

## CONCLUSION

The Plaintiff has no standing to sue and there is no federal question at issue in this case as required by 28 U.S.C. § 1331 as all of Plaintiff's allegations involve state court property tax issues. The tax sale objector lacks standing to pursue this litigation due to his having never been the owner of the real estate parcel in question located at 390 Lincoln Street, Gary, Indiana. In addition, even if the Plaintiff were the owner of the subject parcel with standing to sue, the Complaint he has filed in this court relates solely to the collection of real property taxes and Lake County Indiana's sale of said parcel at an annual tax sale as a result of failure to timely pay real property taxes. Such issues are solely within the exclusive jurisdiction of the Indiana Tax Court. As such, this federal district court lacks subject matter jurisdiction over the alleged landowner's Complaint and the same should therefore be dismissed.

Respectfully submitted,

_____
Randy H. Wyllie (#17621-64)
Attorney for Lake County Auditor
429 West Lincoln Highway
Schererville, IN 46375
rhw@wieserwyllielaw.com

/s/ Ronald Ostojic
Ronald Ostojic
Attorney for Lake County Treasurer
6287 Central Avenue
Portage, IN 46368

## CERTIFICATE OF SERVICE

I, Randy H. Wyllie, certify that on the 20th day of DECEMBER, 2019, I served through ECF/PACER system and/or by regular mail a complete copy of the Memorandum in Support of Motion to Dismiss on all parties/attorneys of record.

_____
RANDY H. WYLLIE