UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM SHECOBY PALMER, <br><br> Plaintiff, <br><br> v. <br><br> PEGGY KATONA, LAKE COUNTY TREASURER; JOHN PETALAS, LAKE COUNTY INDIANA AUDITOR; and HAROLYN WILLIAMS, TAX DEED PETITIONER LAKE COUNTY, <br><br> Defendants. | CAUSE NO.: 2:19-CV-252-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a FRCP Rule 11 Sanction Motion [ECF No. 20], filed by the Plaintiff William Shecoby Palmer on January 21, 2020. The Plaintiff seeks Rule 11 sanctions against counsel for Defendants Peggy Katona, Lake County Treasurer, and John Petalas, Lake County Indiana Auditor (collectively, the "Defendants"). The Plaintiff argues that the Defendants' attorneys should be sanctioned because the Verified Petition initiating the state court action that seized the property the Plaintiff alleges is his was not signed by the state court attorney. *See* Rule 11 Mot. Ex. A, ECF No. 20, p. 17. The Defendants have not responded.

Relevant to this Motion, in 2019, Defendant Harolyn Williams filed through counsel a Verified Petition in the Lake County, Indiana, Circuit Court requesting that the Lake County Circuit Court order the Lake County Auditor to issue a tax deed to Williams. Rule 11 Mot. 22–24, ECF No. 20. Williams was represented by attorneys Rinzer Williams III and Kelly C. Kopulos-Davila. *Id.* Attorney Williams III electronically signed the Verified Petition by writing "/s/ Rinzer Williams III" in the signature block. *Id.* The circuit court issued an order directing

Defendant Lake County Auditor to issue a tax deed for the property. *Id.* Before this Court, the Plaintiff argues that the Defendants improperly seized the property at issue from him because he took adverse possession over the property at issue in the Verified Complaint. Aff. of Truth for Deprivation of Rights 2, ECF No. 3.

The Plaintiff filed his Rule 11 Motion seeking sanctions against the Defendants' counsel in this case under Federal Rule 11(b) because the Verified Petition in the state court action was unsigned. He argues that the failure to sign the Verified Petition violated Indiana Rule 11(a). The Plaintiff argues that the Defendants' counsel proceeded against him without sufficient evidence. He also asserts various "sovereign citizen" arguments to support his motion.

Federal Rule 11(a) provides:

> **(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).[1]

Federal Rule 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[1] Indiana Rule of Trial Procedure 11 governs signing and verifying pleadings, but it does not govern the sanction process. *See* Ind. R. Trial P. 11. Under Indiana Rule 11(a), "[e]very pleading or motion of a party represented by an attorney shall be signed by at least one [1] attorney of record in his individual name, whose address, telephone number, and attorney number shall be stated." *Id.* For the purposes of the Plaintiff's Motion, the differences between Indiana Rule 11 and Federal Rule 11(a) are not material.

2

> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

The remedies available for violations of Rule 11(a) and Rule 11(b) are different. The remedy for a violation of Rule 11(a) is for the court to strike the unsigned document. *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772 (7th Cir. 1997). An unsigned document should only be struck where the failure to sign it "severely prejudiced the opposing party," and the court may not impose other sanctions for an unsigned document. *See id.* The remedy for a violation of Rule 11(b) is that "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

If a court determines that a sanction is warranted, the sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Seventh Circuit has admonished district courts to "bear in mind that such sanctions are to be imposed sparingly," *Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003), and noted that district courts have "considerable discretion in deciding whether to issue Rule 11 sanctions," *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 529 (7th Cir. 2020) (citations omitted).

The Plaintiff's arguments for Rule 11 sanctions are entirely without merit. The Plaintiff's primary argument is that attorney Williams III failed to sign the Verified Petition in the state

court action in violation of Indiana Rule 11(a). It is unclear from the Plaintiff's motion how the Defendants' counsel violated Federal Rule 11(b) based on the Verified Petition that was not filed by the Defendants' counsel or filed in this action. The Plaintiff attached a copy of the Verified Petition from the state action that he alleges is unsigned. *See* Rule 11 Mot. 22–24. Contrary to the Plaintiff's allegations, the Verified Petition is electronically signed with a /s/ and attorney Williams III's name. *Id.* Electronic signatures "are regularly honored." *Magyar v. Saint Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 770 (7th Cir. 2008). Indiana courts permit electronic signatures on filings that include /s/ followed by the person's name. Ind. R. Trial P. 87(G). Attorney William III's electronic signature on the Verified Petition is a valid signature. To the extent that the Plaintiff argues the Defendants' attorneys violated Rule 11(b) by improperly relying on the Verified Petition, the argument is entirely without merit because the Verified Petition was electronically signed.

The Plaintiff's allegation that the Defendants' counsel had insufficient evidence to proceed against him is without merit because the Plaintiff filed the Complaint in this action, and the Defendants have not filed an answer.

The Plaintiff also raises incoherent "sovereign citizen" arguments to support his Motion, for example alleging that the Defendants were required to prove that the Plaintiff was subject to an exception in the "Foreign Sovereign Immunities Act," that he is a "natural person," and that there was a "RICO VIOLATION" against him. Courts in this circuit have "repeatedly rejected such claims." *Bey v. State*, 847 F.3d 559, 559–60 (7th Cir. 2017) (citations omitted); *see also Young v. Illinois*, No. 21-CV-32, 2021 WL 2302604, at *2 (S.D. Ill. May 26, 2021) ("Sovereign citizen claims are summarily rejected because it has been clearly established that the laws of the

4

United States apply to all persons within its borders . . . ."). The Plaintiff's request to sanction the Defendants' counsel based on such allegations is without merit.

Based on the foregoing, the Court hereby DENIES the FRCP Rule 11 Sanction Motion [ECF No. 20].

SO ORDERED on September 17, 2021.

s/ Theresa L. Springmann<br>
JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT