UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WILLIAM SHECOBY PALMER,<br><br>    Plaintiff,<br><br>    v.<br><br>PEGGY KATONA, LAKE COUNTY TREASURER; JOHN PETALAS, LAKE COUNTY AUDITOR; and HAROLYN WILLIAMS, TAX DEED PETITIONER LAKE COUNTY,<br><br>    Defendants. | CAUSE NO.: 2:19-CV-252-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 15], filed by Defendants Peggy Katona, Lake County Treasurer, and John Petalas, Lake County Indiana Auditor (collectively the "Defendants") on December 20, 2019. The Defendants argue Plaintiff William Shecoby Palmer's Complaint must be dismissed because he lacks standing to sue and the Indiana Tax Court has exclusive jurisdiction over his claim. Br. in Support of Defs.' FRCP Rule 12(b)(1) Mot. to Dismiss 1-2, ECF No. 16. The Court construes the Plaintiff's February 7, 2020 FRCP Rule 12B(c) and March 5, 2020 FRCP Rule 12(c) as his response. ECF Nos. 28–29. For the following reasons, the Motion is GRANTED.

**BACKGROUND**

The Plaintiff is proceeding pro se. He contests a tax deed sale of a residential property in Gary, Indiana. He has made over thirteen filings in addition to the Complaint, all of which are difficult to decipher and many of which contain repetitive arguments. *See, e.g.*, Burdon of Proof

1

for the Redemption of Debt Under title 15 USC 1692 For Franchise No:45–08–04–156–010.000–004, ECF No. 2; Aff. of Fact's for Violation of Due Process of Law by Constitution Officer for the State of Ind., ECF No. 21; FRCP Rule 12B(C), ECF No. 28; FRCP Rule 12(C), ECF No. 29. In addition to and in support of his claim, the Plaintiff advances various "sovereign citizen" arguments. The Plaintiff's sovereign citizen beliefs are evidenced by his assertion that the Defendants were required to prove that an exception to the Foreign Sovereign Immunity Act applied to the Plaintiff before the Defendants could proceed against him, *see* FRCP Rule 11 Sanctions Mot. 14, ECF No. 20, that the district court has admiralty jurisdiction over this claim, *see* FRCP Rule 12(C) 10, and that the state may not seize property when the property owner has not paid his taxes, *see id.* at 9.

The relevant facts of the case are as follows. Richard L. Williams, who is not a party to this action, owned a residential property in Gary, Indiana. Delinquent Tax Sale Record, Defs.' Br. Ex. A, ECF No. 16-1. He failed to pay his property taxes, and the property was ultimately auctioned off at a tax sale for a tax sale deed. *See* Verified Petition for an Order Directing the Lake County Auditor to Issue a Tax Deed, Defs.' Br. Ex. C, ECF No. 16-3. Defendant Harolyn Williams won the auction and filed a Verified Petition to receive the tax deed. *Id.* The Lake County, Indiana, Circuit Court granted the petition. Order to Issue a Tax Deed, Defs.' Br. Ex. D, ECF No. 16-4. The Tax Deed was then issued. Tax Deed, Defs.' Br. Ex. E, ECF No. 16-5. The Plaintiff objected to the Tax Deed in state court. *See* Defs.' Br. 2, ECF No. 16.

The Plaintiff initially styled this federal action as a "Removal" of the state court litigation, although no removal occurred. *See* Notice of Removal, ECF No. 1. He ultimately paid the filing fee and filed his Complaint seeking relief under § 1983 because Defendants had violated his civil rights by selling the property in a tax deed sale. Corrected Compl., ECF No. 8-

2

2. He asserts that he has attempted to serve Defendant Harolyn Williams. *See* Notice Titled Proof of Service, ECF No. 31. Although much of the Plaintiff's many filings are incoherent or indecipherable, the core of his argument is that the Defendants violated his rights by auctioning the disputed property because its property taxes were unpaid. The Plaintiff argues that he was the true owner of the property through either adverse possession or his possession of an allodial title and land patent. *See* Rule 12(C) 8, ECF No. 29.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion to dismiss "tests the jurisdictional sufficiency of the complaint." *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 573 (7th Cir. 2017) (citing *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)). "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) (citing Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999)); *see also Nielsen*, 878 F.3d at 573.

However, a movant may present evidence to support a contention that there is in fact no subject matter jurisdiction, despite a facially valid complaint, and "the court is free to weigh the evidence to determine whether jurisdiction has been established." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012); *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("The law is clear that when considering a motion that launches a factual attack against jurisdiction, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.")

(quotation marks and brackets omitted). The presumption of correctness accorded "to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Sapperstein v. Hager*, 188 F.3d 852, 856 (7th Cir. 1999). "The plaintiff has the obligation to establish jurisdiction by competent proof." *Id.* at 855–56.

The Plaintiff is proceeding pro se. The Court "liberally construe[s] the pleadings of individuals who proceed pro se." *Greer v. Bd. of Educ. of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Id.* (quoting *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998)). However, the Court "still holds Plaintiff to the same substantive standards as other civil litigants when it considers the motion [to dismiss]." *Runnels v. Armstrong World Indus., Inc.*, 105 F. Supp. 2d 914, 918 (C.D. Ill. 2000).

## ANALYSIS

The Defendants raise two arguments in support of their Motion—that the Plaintiff lacks standing and that the Indiana Tax Court has exclusive jurisdiction over his claim. The Court begins its analysis by considering whether the Plaintiff has provided competent proof of standing to assert a § 1983 claim.

Federal courts are only permitted to decide legal questions that occur in the context of an actual case or controversy. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (citing U.S. Const., Art. III, § 2); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (noting that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies") (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (brackets omitted))). Jurisprudence on the legal

concept of standing is rooted in the Constitution's case-or-controversy limitation on federal judicial authority. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000).

Because it is a jurisdictional requirement, "the plaintiff bears the burden of establishing standing." *Apex Digital*, 572 F.3d at 443. To meet the minimum standing requirements of Article III, a plaintiff must prove three elements: (1) he suffered or will suffer a concrete and particularized injury that is actual or imminent; (2) the injury is fairly traceable to the defendant's action; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S 555, 560–61 (1992); *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289 (7th Cir. 2016) (quoting *Friends of the Earth*, 528 U.S. at 180–81). "When . . . a case is at the pleading stage, the pleading must clearly allege facts demonstrating each element." *Spokeo*, 136 S. Ct. at 1547 (internal quotation marks and alterations omitted) (quoting *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)). "If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1)." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

Under Rule 12(b)(1), a party may make a facial or factual challenge to subject matter jurisdiction. *Apex Digital*, 572 F.3d at 443–44. A facial challenge asserts that the plaintiff's complaint is insufficient to allege jurisdiction. *Id.* at 434. A factual challenge concedes that the plaintiff's complaint alleges jurisdiction, but it asserts that there is in fact no jurisdiction. *Id.* at 444. The Court considers evidence outside of the pleadings in deciding a Rule 12(b)(1) motion on a factual challenge because the Court has the duty to determine whether it has subject matter jurisdiction over a case. *Id.* If a plaintiff's standing is challenged as a factual matter, the plaintiff is required to respond with "competent proof" that standing exists. *Lee v. City of Chicago*, 330

F.3d 456, 468 (7th Cir. 2003) (citing *Retired Chi. Police Assoc. v. City of Chicago*, 76 F.3d 856, 862 (7th Cir. 1996)).

The Court will analyze the Defendants' Motion as a factual challenge to subject matter jurisdiction because the resolution of this issue turns on whether the Plaintiff owns the disputed property.

A plaintiff who does not own the property cannot demonstrate injury-in-fact for a claim based on ownership of property. *Notre Dame Affordable Hous., Inc. v. City of Chicago*, 838 F. App'x 188, 190–91 (7th Cir. 2020). If a plaintiff brings claims that are not based on ownership of the property, the plaintiff may have standing notwithstanding the plaintiff's lack of ownership. *Cherry v. Five Bros. Mortg. Co. Servs. & Securing, Inc.*, No. 18 C 03326, 2019 WL 4014066, at *3 (N.D. Ill. Aug. 25, 2019).

The Plaintiff fails to establish standing by competent proof. The Defendants provided the Delinquent Tax Sale Record [ECF No. 16-1] and the Maintenance Report [ECF No. 16-2], both of which list Richard Williams as the disputed property's owner at the time of the auction. The disputed property was then sold to Harolyn Williams. The Plaintiff's Complaint contains no statement that he owned the property at issue when the tax sale occurred. *See* Corrected Compl. The Plaintiff's various filings do not support that he owns the property. The Plaintiff asserts that he owns the contested property through adverse possession. *See* Aff. of Truth for Deprivation of Rights 2, ECF No. 3. He provides no evidence to show he has adversely possessed the disputed property.

The Plaintiff also alleges that his allodial title and land patent prove his ownership of the disputed property. Proponents of allodial titles and land patents believe that they provide superior title to any other claim over real property and can prevent seizure of property in a foreclosure or

6

for delinquent taxes. *Flores v. Wells Fargo Bank, N.A.*, No. 12-C-1191, 2013 WL 1192767, at *2 (E.D. Wis. Mar. 22, 2013). "Courts have considered these types of claims in other cases and have uniformly rejected them, with most courts deeming the claims frivolous." *Id.* Self-drafted land patents are frivolous and hold no legal weight. *Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986). Even the existence of a valid federal land patent does not have any relationship to subsequent property claims under state law. *Id.* (citing *Hilgeford v. Peoples Bank*, 776 F.2d 176 (7th Cir. 1985)).

The Plaintiff's purported allodial title and land patent, *see* Rule 12(C) 8, do not constitute competent proof of his ownership of the disputed property. The Plaintiff's purported allodial title and land patent is a self-drafted document. *Id.* It is not competent proof of the Plaintiff's ownership of the property.

The Defendants submitted evidence that the disputed property was owned by Richard Williams at the time of the auction. The Plaintiff's claim is based on his alleged ownership of the disputed property, but he has not produced any competent evidence that he owned the disputed property. Thus, the Plaintiff lacks standing to challenge the Tax Deed, and consequently, the Court lacks subject matter jurisdiction over his claim, including his claim against Harolyn Williams. The Court need not address the exclusive jurisdiction issue because the Plaintiff's lack of standing prevents the Court from exercising subject matter jurisdiction over the Plaintiff's claim.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Defendants' Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 15]. The Plaintiff's claim against all Defendants is DISMISSED for lack of subject matter jurisdiction.

The Court directs the Clerk of Court to enter Judgment against the Plaintiff and in favor of all the Defendants.

SO ORDERED on September 28, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
